THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN JAMES LAMKIN, Defendant-Appellant.

(No. 72-8; ▮▮▮▮▮▮▮▮

Fifth District—December 20, 1972.

Linda West Conley, of Defender Project, of Chicago, for appellant.

No appearance for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant was found guilty by a jury of the crime of conspiracy (Ill. Rev. Stat. ch. 38, par. 8—2), in the Circuit Court of Wabash County. We reverse.

The factual situation is simple. On June 27, 1971, one Donald Holloman was arrested and charged with burglary. He had been found by the police in a physician's office at 1:30 A.M. Two hours later the police stopped an automobile driven by Holloman's wife in which defendant was a passenger. The car was stopped near the office where Holloman was arrested and the automobile was traveling slowly. Defendant was arrested and charged with conspiracy to commit burglary.

The defendant offered no evidence at trial. The only evidence implicating the defendant in the burglary was the testimony of one of the arresting officers. The officer testified that Mrs. Holloman told him at the time she was arrested that she had dropped off her "boyfriend" and that "they" had come back to pick him up. Nothing else in the record in any way implicates the defendant in the burglary. At the close of the

prosecution's case, the defendant moved for a directed verdict and his motion was denied.

■■■ The trial court should have directed the verdict in favor of the defendant. It is not for defendant to establish his innocence, but for the People to establish his guilt. (*People v. Benson*, 19 Ill.2d 50, 166 N.E.2d 80.) Also, if a review of the record leaves the appellate court with a grave and substantial doubt of the defendant's guilt, it is our duty to reverse his conviction. (*People v. Bush*, 4 Ill.App.3d 699, 281 N.E.2d 734.) We cannot say that no reasonable doubt of defendant's guilt remains and on such a record the conviction cannot stand. *People v. Butler*, 28 Ill.2d 88, 190 N.E.2d 800.

The defendant also maintains that the trial court erred in suggesting that the defendant take a lie-detector test in the course of a hearing on the motion for probation and the hearing in aggravation and mitigation. The same point was raised in *People v. McVet*, 287 N.E.2d 479. The court in that case said: "It is obvious that the trial judge wished to use the polygraph as a truth determining device, that he conditioned probation upon the taking of the test, and that he deferred his decision on sentencing until that evidence was available.

■■ "It was error for the court to request defendant to submit himself to the test and impermissible for the court to rely upon the polygraph evidence in reaching its decision in sentencing." We agree with the holding in *McVet*.

The defendant has raised other points in his appeal but since we have held that there was insufficient evidence to support a conviction, we need not reach the other issues.

The decision of the Circuit Court of Wabash County is reversed and defendant is discharged.

Reversed.

G. MORAN, P. J., and JONES, J., concur.